IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| JEREMY W. BROOKS<br>Plaintiff, | §<br>§<br>§ | CIVIL ACTION<br><br>NO. 2:14-cv-858 |
| VS. | §<br>§ | |
| SODEXO REMOTE SITES USA, INC. and<br>McDERMOTT INTERNATIONAL, INC.<br>Defendant, | §<br>§<br>§ | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JEREMY W. BROOKS, hereinafter referred to as Plaintiff, complaining of Defendants, SODEXO REMOTE SITES USA, INC. and McDERMOTT INTERNATIONAL, INC. and for cause of action would respectfully show this Honorable Court as follows:

### PARTIES

1.  Plaintiff, JEREMY W. BROOKS, is a resident of Mobile, Alabama.

2.  Defendants, SODEXO REMOTE SITES USA, INC. is a Louisiana corporation doing business in the State of Louisiana and may be served through their registered agent, Cecil Kluttz, 5749 Susitna Drive, Harahan, LA 70123.

3.  McDERMOTT INTERNATIONAL, INC. is a foreign corporation conducting business in Louisiana and may be served through their registered agent, C T Corporation System, 5615 Corporate Blvd., Suite 400B, Baton Rouge, LA 70808

### VENUE

3.  Based on the foregoing, venue is proper in this Honorable Court pursuant to 28 U.S.C. §1391(b).

1

## JURISDICTION

4.  This is an admiralty case. The Court has jurisdiction over the subject matter of this lawsuit pursuant to General Maritime Law and Diversity.

## FACTS

6.  Plaintiff will show that this lawsuit has become necessary as a result of personal injuries which he sustained on or about May 19, 2013. On that date, Plaintiff was employed by Defendant SODEXO REMOTE SITES USA, INC. as a seaman and was a member of the crew on board the *DB50* a Derrick Barge owned and operated by Defendant McDERMOTT INTERNATIONAL, INC.

7.  While in the process of walking through the galley carrying a container full of dirty dishes Mr. Brooks slipped on a wet floor and went up in the air landing on a stepping stool on his lower back and forearm.

8.  The cleaning crew had cleaned the floors prior to Mr. Brooks' fall and failed to dry the floor and did not warn Plaintiff that the floor was still wet with soap and water.

9.  Plaintiff sustained injuries to his lower back and other parts of his body in general due to this incident.

## CAUSES OF ACTION

### NEGLIGENCE

10. Plaintiff incorporates paragraphs 1-9 herein as if set forth at length.

11. At all relevant times, the actions and/or inactions of the Defendants and/or their officers, agents and/or employees constitute negligence. The negligence of the Defendants was a proximate and/or producing cause of Plaintiff's injuries and damages.

12. Specifically, Defendants were negligent in one or more of the following respects:

    a.    In failing to provide Plaintiff with a reasonably safe work place;

    b.    In failing to properly train and supervise its employees.

    c.    In failing to provide adequate staffing;

    d.    In failing to have a maintenance policy that provides for safe flooring conditions; and

    e.    Other acts which may be shown at the time of trial.

13. These actions and/or inactions of Defendants and/or its respective officers, agents and/or employees constitute negligence and said negligence was a proximate and/or producing cause of Plaintiff's injuries and damages.

### Maintenance and Cure

14. Plaintiff would show that on the above-mentioned date, he was injured while in the course and scope of his employment with Defendant and while serving as a seaman in the service of the vessel. Defendant breached its absolute duty to provide Plaintiff with maintenance and cure. As a result of Defendant's unreasonable failure to provide maintenance and cure, Plaintiff is entitled to recovery for damages and expenses incurred, including but not limited to, damages for prolongation or aggravation of injuries; pain and suffering and additional expenses. Plaintiff would also show that he found it necessary to engage attorneys to represent him in the maintenance and cure action and he is entitled to reasonable attorney's fees for the collection of the maintenance and cure benefits due to him for the arbitrary and capricious denial of said benefits.

15. Plaintiff would further show that Defendant's refusal to pay maintenance and cure was done willfully and wantonly. Therefore, Plaintiff is entitled to punitive damages.

### **DAMAGES**

16. As a direct and proximate result of Defendants' conduct, Plaintiff suffered the following

injuries and damages:

    a.    Plaintiff has been forced to incur reasonable and necessary medical expenses in the past, and in all reasonable medical probability, will continue to incur reasonable and necessary medical expenses in the future;

    b.    Plaintiff has endured physical pain and suffering in the past, and in all reasonable medical probability, will continue to endure physical pain and suffering in the future;

    c.    Plaintiff has suffered mental anguish in the past, and in all reasonable medical probability, will continue to suffer mental anguish into the future;

    d.    Plaintiff has suffered physical impairment in the past and, in all reasonable medical probability, will continue to suffer physical impairment into the future;

    e.    Plaintiff has suffered physical disfigurement in the past and, in all reasonable medical probability, will continue to suffer physical disfigurement into the future; and,

    f.    Plaintiff has suffered lost earnings in the past and, in all reasonable probability, will continue to suffer loss of earning capacity into the future.

    g.    Plaintiff sues for found damages in the past and future.

17.    To the extent Plaintiff suffered from any pre-existing conditions, if any, Plaintiff would show that such pre-existing conditions were aggravated by the occurrence in question.

## JURY DEMAND

18.    Plaintiff demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff asks for judgment against Defendants for the following:

    a.    Actual damages;
    b.    Attorneys' fees against Defendants, SODEXO REMOTE SITES USA, INC. and McDERMOTT INTERNATIONAL, INC.
    c.    Pre-judgment interest and post-judgment interest at the maximum legal rate;
    d.    Costs of court; and,
    e.    Any and all further relief, be it general or special, at law or in equity, to which he may show himself justly entitled.

Respectfully submitted,

**GORDON, ELIAS & SEELY, LLP**

By: _____/s/ Steve Gordon_____
Steve Gordon
Louisiana Bar No. 24109
1811 Bering Drive, Suite 300
Houston, Texas 77057
(713) 668-9999
(713) 668-1980 - Facsimile
sgordon@geslawfirm.com

ATTORNEY FOR JEREMY W. BROOKS